Mr. Justice Colcoch
deliteted the opinion of the cour',
As to the first description (if debts, I entertain no doubt. The defendant is not discharged from su< li I))-1 having tab-en the benefit of the a<’t • f-,r gs to them the plaintiff cannot he said to have been a ci editor at the time of the arrest 01 discharge, and he is not therefore embraced or even contemplated in any part of the act. The case of Wall vs. The Court of Wardens (1 Bay 434,) at first created sum-doubt in my mind, but a more attentive reading satisfied me that the case could not be considered as embracing the question now before rae.; and i am of opinion that the plaintiff is not prevented from suing on a note, due before the arrest and discharge, which had not been sued on, or on which no dividend has been received. That the law operates a discharge only as to such suits as are pchd-sng‘, or on the debts of those creditors, (whether suing or uot,) who may think proper to receive a dividend.
The act, it is true, as said in the case above referred to, does contemplate three descriptions of persons :
iat. Suitors or suing creditors.
2d. Those coming in and accepting- of a dividend of the insolvent debtor’s estate and effects; and
3d. Those who had neither chosen to hare or accept z dividend.
But the first description of persons may be comprehended in the second and third. Thus a suitor may or may not accept a dividend, and there is-nothing in the act to *377 compel him to do so, even on the demand for which he sues j or a suitor may not be a suitor as to some demands. What is the object of the act ? The title shews it to be, to relieve unfortunate debtors from imprisonment. It is not á bankrupt act, except so far as the creditors may choose to make it one. It declares that one imprisoned, may be discharged on certain terms, by giving in a just schedule of all his property, and taking the oath prescribed. It then proceeds to the manner in which the property is to be disposed of, and the manner and extent of the discharge of the insolvent:
1st. It directs that the property shall be assigned by a short endorsement on the petition to the creditor or-creditors, at whose suit he is charged, or to such person as the court shall direct, and that the assignment, to be made as aforesaid, shall be in trust for such suitor or suitors, and such other the creditors of the said petitioner as shall be willing to receive a dividend of his real estate, goods and effects, and shall, within twelve months after the time of exhibiting the petition, make their demand.”
This being done, and the petitioner delivering up all his vouchers and title deeds to the assignees, he “ shall be forthwith discharged by order of the court aforesaid from such suit or suits, and also, thenceforth, be acquitted and discharged of and from, and against all such other of his or her creditors as shall have' received their dividend aforesaid, from all debts, contracts and demands whatsoever.”
The first inquiry (in giving construction to this clause) is, to whom is the assignment to be made ; to the creditor or creditors ? But there is no obligation qn them to accept, or on the court to appoint them; for the act says, to them “ or such other person.” Nothing is tobe' collected then, from the fact that they may be assignees. Next, for whose benefit is the assignment to be made ? For the benefit of those who shall be willing to receive a dividend of his estate, whether suing creditors or not suing creditors ; for, according to all the rules of construction, the *378 words “ willing to receive,” refer as well to suitor or suitors as to other creditors who may take a dividend. When the act speaks of his discharge, it first simply discharges him from the suit or suits which may be pending. These words are certainly not sufficient to comprehend all the demands -which a suing creditor maty have. Can it be said that a specification of particular-debts means all debts ?— When the legislature intend to discharge the insolvent from all debts which he owes to any particular description of creditors, it says so in express terms ; as in the latter part of this clause, in which he is discharged from the debts of those who take dividends, the words are, “ he is acquitted and discharged from all creditors who take a dividend.” Of what? Of all debts, contracts, and demands whatsoever. It is then manifest that he is not discharged from any debts not sued for, and the 11th clause of the act confirms this construction ; for there, all creditors who do not receive a dividend are allowed to perpetuate their demands in a particular manner. And I would ask, what reason can be given why a person wko has sued on one out of twenty debts, should, be compelled to take a dividend for the nineteen debts not sued for, any more than one who has a single debt against the insolvent, for .which he has not sued. Surely the act did not mean to impose a penalty on one who should sue an insolvent debtor.
The arguments which go to show that the relief afford-, ed by this act is only partial, would be well addressed to the legislature, but can have no effect on the court.
Our .duty is to say what they have done, and not what they ought to do; and I am happy to be relieved from, that which has been found by all who ever engaged in it, the most difficult subject of legislation.
The majority of the court concur in this opinion. The motion is .therefore dismissed.
justices' Mott, Huger and Richardson, concurred.
Mr. Justice Gantt, dissented.